UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Clyde Leroy McBride**, #95485, | ) C/A No. 9:06-2153-CMC-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Investigator Walter McDaniels, | ) |
| Defendant. | ) |

This is a civil rights action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently incarcerated at the Alvin S. Glenn Detention Center in Richland County, South Carolina. He claims that Defendant law enforcement officer provided false testimony in order to obtain a warrant for Plaintiff's arrest on the armed robbery charges that are currently pending against Plaintiff. As a result, Plaintiff claims that his arrest was made without probable cause in violation of the Fourth and Fifth Amendments to the United States Constitution and that he is not guilty of the charges against him. Plaintiff seeks $500,000.00 in compensatory damages from Defendant for the alleged civil rights violations.



Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. See also 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

As stated above, Plaintiff contests his armed robbery arrest and subsequent confinement on that charge. He alleges that he is innocent and that the arrest was illegal, however, there is nothing in the Complaint indicating that Plaintiff has brought the matters he alleges before the state court to which his case is assigned in an attempt to have the pending criminal charge dismissed. Because any cause of action based on the constitutionality his arrest and confinement which Plaintiff might ultimately have under 42 U.S.C. § 1983 has clearly not yet accrued,[2] Plaintiff's Complaint should be dismissed without prejudice. See Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 *plaintiff must prove that the conviction or sentence has been*

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

2

> *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.* A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless Plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added); see Ballenger v. Owens, 2003 WL 22961215 (4th Cir., Dec. 17, 2003); Schafer v. Moore, 46 F.3d 43 (8th Cir.1995)("Therefore, in light of Heck, the complaint was properly dismissed for failure to state a claim."); Stover v. Mackie, 2001 WL 857211 (6th Cir., June 20, 2001)(complaints subject to dismissal under Heck v. Humphrey can be dismissed under 28 U.S.C. § 1915); see also Abrahm v. Jay, 1994 WL 387873 (N.D. Cal., July 12, 1994)(a dismissal under Heck v. Humphrey "is without prejudice to plaintiff re-raising his claim for damages once a cause of action has accrued"); Woods v. Candela, 47 F.3d 545 (2d Cir. 1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). Accord Seaton v. Kato, 1995 WL 88956 (N.D. Ill., March 1, 1995); Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995); Smith v. Wambaugh, 887 F. Supp. 752 (M.D. Pa. 1995).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pretrial detainees such as Plaintiff. In this regard, Heck has been held to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n. 8 (7th Cir. 2001); see Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist."); Nelson v. Murphy, 44 F.3d 497 (7th Cir.

3

1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); see also Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996); Escamilla v. Dallas Police Dept., 2001 WL 1338302, *2+ (N.D. Tex., Oct 18, 2001); McSwain v. San Jose Police Dept., 1998 WL 46938 (N.D. Cal. 1998); Norris v. Super Cab Co., 1994 WL 665193 (N.D. Cal., Nov. 15, 1994)Daniel v. Ruph, 1994 WL 589352 (N.D. Cal., October 12, 1994); Barnett v. Thompson, 1994 WL 478490 (N.D. Cal., Aug. 22, 1994).

In Daniel v. Ruph, a district court applied the holding in Heck v. Humphrey to a pretrial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of Plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice.

Daniel v. Ruph, 1994 WL 589352 (footnote following quotation omitted). In an earlier case Norris v. Patsy, 1994 WL 443456 (N.D. Cal., July 29, 1994), the court noted that, under Heck v. Humphrey "[a] judgment in favor of Plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED." See, e.g., Shamaeizadeh v. Cunigan, 182 F.3d 391, 397 (6th Cir. 1999); Covington v. City of New York, 171 F.3d 117, 124 (2d Cir. 1999); Washington v. Summerville, 127 F.3d 552, 555 (7th Cir. 1997).

Also on point is Hudson v. Chicago Police Department, 860 F. Supp. 521 (N.D. Ill. 1994), where the Honorable Marvin E. Aspen, United States District Judge, ruled that the complaint was

4

subject to dismissal under Heck v. Humphrey. Judge Aspen, however, noted that Plaintiff could bring section 1983 action at a later date if a cause of action had accrued. Judge Aspen also held that "federal courts will not entertain a claim for damages under §1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings." Accord Babcock v. Collord, 1994 1994 WL 374528 (complaints subject to dismissal under Heck v. Humphrey can be dismissed under 28 U.S.C. § 1915(d)). Finally, in McSwain v. San Jose Police Dept., 1998 WL 46938 (N.D. Cal. 1998), the court held that " Heck not only bars claims for damages challenging the validity of a conviction or sentence, it also bars claims challenging the validity of an arrest and prosecution, see Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996), as well as claims which necessarily implicate the validity of pending criminal charges." Plaintiff's claims of arrest and confinement without probable cause are exactly the type of claims which imply the invalidity of the criminal charges currently pending against Plaintiff, and, as a result, they are barred by the Heck doctrine at this time.



Moreover, absent extraordinary circumstances, federal district courts are not authorized to interfere with a state's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873); Harkrader v. Wadley, 172 U.S. 148, 169-70 (1898); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). In Cinema Blue of Charlotte, Inc. v. Gilchrist, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. See Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d at 52; see also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(en banc). In Bonner, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts:

5

"Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." Since Plaintiff apparently has not yet brought his concerns about his arrest and detention before the state court for remedy and because the armed robbery charges are still pending, summary dismissal of Plaintiff's Complaint is proper under 28 U.S.C. § 1915(e)(2)(B).

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

George C. Kosko
United States Magistrate Judge

September 6, 2006
Charleston, South Carolina

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**